IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAQUAN CHARLIE BARNER,**

    Plaintiff,

v.                                                                                               Civil Action No. **3:15CV648**

**SGT. B. ALLEN,** *et al.,*

    Defendants.

## **MEMORANDUM OPINION**

By Memorandum Order entered on January 20, 2016, the Court filed Plaintiff's civil action and granted him leave to proceed *in forma pauperis*. On January 28, 2016, the United States Postal Service returned the Court's January 20, 2016 Memorandum Order to the Court. On the envelope, the institution noted that "Offender refused this item." (ECF No. 9, at 3.) Thus, the Court questioned whether Plaintiff wished to continue to prosecute this action. By Memorandum Order entered on February 3, 2016, the Court directed Plaintiff, within eleven (11) days of the date of entry thereof, to notify the Court of his desire to continue with this action. The Court warned that failure to comply with the above directive would result in the dismissal of the action. *See* Fed. R. Civ. P. 41(b). Plaintiff failed to respond, and by Memorandum Opinion and Order entered on March 14, 2016, the Court dismissed this action.

On April 1, 2016, the Court received a letter motion seeking reconsideration of the dismissal because Plaintiff contends that he never received the February 3, 2016 Memorandum Order. Because the letter motion was filed within twenty-eight (28) days of the Court's entry of the March 14, 2016 Memorandum Opinion and Order, the Court construes the motion as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule

59(e) Motion," ECF No. 13). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)). Plaintiff claims that he never received the Court's February 3, 2016 Memorandum Order and has provided his incoming legal mail log that fails to reflect the institution received the Memorandum Order. Thus, granting relief would prevent manifest injustice in the instant action. Accordingly, the Rule 59(e) Motion (ECF No. 13) will be GRANTED. The March 14, 2016 Memorandum Opinion and Order will be VACATED.

An appropriate Order shall issue.

Date: MAY 3 1 2016
Richmond, Virginia

/s/ MHL
M. Hannah Lauck
United States District Judge