IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAQUAN CHARLIE BARNER,**

Plaintiff,

v.  Civil Action No. **3:15CV648**

**SGT. B. ALLEN,** *et al.*,

Defendants.

## MEMORANDUM OPINION

DaQuan Charlie Barner, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on Barner's Particularized Complaint ("Part. Compl.," ECF No. 23).[2] The matter is before the Court pursuant to the Motion to Dismiss filed by Defendant Sgt. B. Allen.[3] (ECF No. 28.) Barner filed a Response (ECF No. 30), and Sgt. B. Allen filed a Reply (ECF No. 31). Barner has also filed a Motion for an Extension of Time to file a Surreply (ECF No. 34), as well as his proposed Surreply (ECF No. 35). Barner's Motion

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Barner's initial Complaint named Sgt. B. Allen and Lt. Robinson as Defendants. (ECF No. 1, at 1–2.) Barner's Particularized Complaint omits any mention of Lt. Robinson. Accordingly, the action proceeds solely against Sgt. B. Allen.

[3] Sgt. B. Allen is an officer at the Southside Regional Jail. (Compl. 1.)

for an Extension of Time will be GRANTED and his Surreply will be DEEMED timely filed. For the reasons that follow, Sgt. B Allen's Motion to Dismiss (ECF No. 28) will be DENIED.

## I. Standard for Motion to Dismiss for Failure to State a Claim

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations and Claims

In his Particularized Complaint, Barner alleges:[4]

> Deliberate indifference was shown when on or about January 25, 2015 Defendant Sgt. B. Allen opened the door to Pod HA-400, and I was attacked and assaulted by Devin Rawls after he had been added to my "keep separate" list upon my request on January 11, 2015. Sgt. B. Allen either knew, or should have known, that Devin Rawls was on my "keep separate" list since I had him added to that list over two weeks before this incident. Devin Rawls killed my friend Randy Pope the previous year. Shortly after my arrival at Southside Regional Jail Devin Rawls told me he was going to kill me also. That is when I had him added to my "keep separate" list. I told Sgt. Brown about Devin Rawls' threat, and Sgt. Brown added Devin Rawls to my keep separate list.
> I was injured because Defendant Sgt. B. Allen was deliberately indifferent to my safety. I sustained personal bodily injuries, including a contusion on the back of my head. I also sustained psychological injuries, including PTSD, for which I continue to be under a doctor's care and take medication.
> My Eighth Amendment right under the Constitution of the United States to be free from cruel and unusual punishment was denied by the actions and

---

[4] The Court utilizes the pagination assigned to Barner's submissions by the CM/ECF docketing system. The Court corrects the emphasis and punctuation in quotations from Barner's submissions.

3

inactions of Defendant Sgt. B. Allen as stated in paragraphs numbered 1 and 2 above.

I believe if a ranking officer such as SGT. B. Allen would have taken her job seriously, I would have never been viciously assaulted by Devin Rawls who is an inmate that I had placed on my keep separate list to prevent something like this from occurring. Now I suffer from PTSD and take medication twice a day because of the severity of my symptoms.

(Part. Compl. 1–2 (paragraph numbers omitted).)

The Court construes Barner's Complaint to raise the following claim for relief:

Claim One: Sgt. B. Allen violated Barner's rights under the Eighth Amendment[5] when she failed to protect Barner from an assault by Devin Rawls. (*Id.*)

Barner seeks $250,000.00 in damages, the costs of this action, and all other relief to which he may be entitled. (*Id.* at 2.)

### III. Failure to Protect

It is clear that the Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)). However, not every harm caused by another inmate translates into constitutional liability for the officers responsible for the inmate's safety. *See id.* at 834. In order for a plaintiff to state a claim for failure to protect, a plaintiff must allege facts that plausibly suggest that he or she was "incarcerated under conditions posing a substantial risk of serious harm," *id.* (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)), and that the defendant acted with "deliberate indifference" to that danger. *Id.* at 837.

#### A. Substantial Risk of Harm

"Any time an individual is incarcerated, there is some risk that he may be a victim of violence at the hands of fellow inmates . . . ." *Westmoreland v. Brown*, 883 F. Supp. 67, 74

---
[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

4

(E.D. Va. 1995). As was the case in *Westmoreland*, "[t]he issue of constitutional import presented in [Barner's] action is when the risk of harm becomes so substantial that 'deliberate indifference' to it, within the meaning of *Farmer v. Brennan*, is the legal equivalent of inflicting 'punishment.'" *Id.*[6] In *Westmoreland*, this Court observed that:

> The decisions finding that prison assaults constitute unconstitutional "punishment" have most often done so upon finding one of three species of particularized harm. In the first, the plaintiff has been at some particularized risk individually because of: (i) a personal trait; or (ii) membership in an identifiable class that is particularly vulnerable to harm. In the second, the person who committed the assault has demonstrated an unusually violent nature of which the defendant knows and which makes the assailant a substantial risk to his [or her] fellow inmates. In the third, the defendants were aware that the specific assault was ongoing or had occurred, yet had failed to respond to protect, or to treat, the victim.

*Id.* (internal citations omitted). Here, Barner arguably alleges circumstances falling within the second species of particularized harm articulated in *Westmoreland*. However, neither *Westmoreland* nor the relevant jurisprudence suggests that the foregoing list constitutes an exhaustive description of the circumstances giving rise to a constitutionally significant risk of inmate upon inmate assault. *Id.*

A risk of assault may be sufficiently substantial as to require action by prison officials where it is "'highly probable'" that a particular attack will occur, or in instances where a particular inmate "pose[s] a 'heightened risk of assault to the plaintiff.'" *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005); *see, e.g., Purvis v. Johnson*, 78 F. App'x 377, 379 (5th Cir. 2003) (concluding that plaintiff's allegations that he informed officials four times that his cell-mate was a racist and threatened him every day because he was white, sufficiently stated a claim for failure to protect). Negligence or inadvertence does not suffice; "[i]n order to infer callous indifference

---

[6] In *Farmer*, the Supreme Court expressly declined to define "[a]t what point a risk of inmate assault becomes sufficiently substantial for Eighth Amendment purposes." *Farmer*, 511 U.S. at 834 n.3.

5

when an official fails to protect a prisoner from the risk of attack, there must be a strong likelihood rather than a mere possibility that violence will occur." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (alteration in original) (internal quotation marks omitted).

Barner has pled sufficient facts to suggest that he faced a substantial risk of harm from Devin Rawls as of January 25, 2015. Barner alleges that Rawls had murdered Barner's friend, Randy Pope, the previous year. (Part. Compl. 1.) Shortly after Barner arrived at the Southside Regional Jail, Rawls threatened that he was also going to kill Barner. (*Id.*) Because of that threat, Barner had Sgt. Brown add Rawls to Barner's "keep separate" list. (*Id.*) Given the "risks attributable to [inmates] with known 'propensities' of violence toward a particular individual," the Particularized Complaint plausibly suggests a strong likelihood that Rawls would commit acts of violence against Barner. *Budz*, 398 F.3d at 911; *see also Purvis*, 78 F. App'x at 379.

### B. Deliberate Indifference

In his Complaint, Barner alleges that on January 25, 2015, Sgt. B. Allen opened the door to Pod HA-400, which allowed Devin Rawls to enter the pod and assault Barner even though Rawls was on Barner's "keep separate" list. (Part. Compl. 1.) According to Barner, "Sgt. B. Allen either knew, or should have known, that Devin Rawls was on [his] 'keep separate' list since [Barner] had him added to that list over two weeks before this incident." (*Id.*) Sgt. B. Allen contends that these facts fail to establish that she was deliberately indifferent to a substantial risk to Barner's safety. (Mem. Supp. Mot. to Dismiss 5, ECF No. 29.)

In his Reply and Surreply, Barner contends that Sgt. B. Allen simply ignored any risk posed by Rawls because she allowed him to enter Barner's housing unit unescorted. (Reply 3, ECF No. 30; Surreply 1–2, ECF No. 35.) According to Barner, his housing pod was a maximum security pod where policy required an officer to be present at all times. (Reply 3; Surreply 1.)

Barner also alleges that in his housing pod, no inmates "were allowed to simply roam freely without an escort." (Reply 3; Surreply 1.) Barner appears to argue that Sgt. B. Allen ignored any risk to Barner by allowing Rawls to enter the housing pod unescorted.

Taking Barner's allegations in his Complaint, Reply, and Surreply as true, the Court concludes that they are sufficient to plausibly suggest that Sgt. B. Allen was aware that Rawls posed a risk to Barner and failed to take action to alleviate that risk. *See Barnes v. Cty. of Monroe*, 85 F. Supp. 3d 696, 728–30 (W.D.N.Y. 2015) (denying motion to dismiss with respect to inmate's failure to protect claim because inmate alleged sufficient facts to suggest that officers knew that inmate faced risk of assault from another inmate, but failed to act); *Toomer v. Balt. City Det. Ctr.*, No. DKC 12–0083, 2014 WL 4678712, at *4 (D. Md. Sept. 18, 2014) (denying motion to dismiss with respect to inmate's failure to protect claim because inmate alleged sufficient facts to suggest that officer "disregarded an obvious threat to Plaintiff by allowing another inmate into his cell"). Barner has alleged facts that plausibly suggest Sgt. B. Allen acted with deliberate indifference. *See Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2013) ("A prison official shows deliberate indifference if he [or she] 'knows of and disregards an excessive risk to inmate health or safety.'" (quoting *Farmer*, 511 U.S. at 837)); *see Purvis*, 78 F. App'x at 379. Accordingly, Sgt. B. Allen's Motion to Dismiss (ECF No. 28) will be DENIED.

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss filed by Sgt. B. Allen (ECF No. 28) will be DENIED. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: MAY 1 9 2017
Richmond, Virginia